UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JARED PIERCE SANCHEZ,<br>  Plaintiff,<br><br>v.<br><br>BROWN UNIVERSITY; CARE NEW<br>ENGLAND HEALTH SYSTEMS; and<br>LIFESPAN CORPORATION,<br>  Defendants. | C.A. No. 1:23-cv-343-JJM-PAS |

## ORDER

Jared Pierce Sanchez was a medical student at Brown University ("Brown"). He alleges that Brown, Lifespan Corporation ("Lifespan"), and Care New England Health Systems ("Care New England") discriminated against him based on his religion. Mr. Sanchez alleges he was forced to take a 2-year leave of absence from school because he refused to be vaccinated against COVID-19. ECF No. 1. Brown gave him an exemption based on his religious beliefs, but Lifespan's COVID-19 vaccination policy at that time required anyone with access to Rhode Island Hospital to be vaccinated and it did not recognize any exemptions. *Id.* He sues Brown, Lifespan, and Care New England, claiming a violation of his rights under Titles VI and VII of the Civil Rights Act 1964 ("Title VI," and "Title VII"), and the First Amendment to the United States Constitution. *Id.* Lifespan moves to dismiss. ECF No. 6.

I. **STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court evaluates a pro se plaintiff's allegations liberally; a pro se plaintiff is held to less stringent pleading standard but must still allege facts to support a plausible claim. *Overton v. Torruella*, 183 F. Supp. 2d 295, 303 (D. Mass. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), *Lefebvre v. C.I.R.*, 830 F.2d 417, 419 (1st Cir. 1987)).

II. **DISCUSSION**

A. **Title VII Claims**

Title VII prohibits employers from discriminating against employees based on their race, color, religion, sex (including sexual orientation), or national origin. 42 U.S.C. § 2000e-2. Title VII defines an employee as "an individual employed by an employer. . ." and defines an employer as a person engaged in industry affecting commerce "who has fifteen or more employees" per day. 42 U.S.C. § 2000e(f), (b). Where a statute defines "employee" in a circular way, the Supreme Court, and the First Circuit have held that common law agency principles apply.[1] *Lopez v.*

---

[1] The First Circuit looks to a non-exhaustive list of factors outlined in the EEOC's Compliance Manual. *Lopez*, 588 F.3d. at 85 (citing *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 448-50 (2003)). These include right to control, the degree of skill required, whether work was performed on premises, the existence of a continuing relationship, right to assign projects, the subjective view of the parties, and factors related to hours, duration, payment,

*Massachusetts*, 588 F.3d 69, 83-86 (1st Cir. 2009) (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992)).

Mr. Sanchez is a medical student enrolled at Brown University. ECF No. 1 at 4. By his own account, he is a "student trainee." *Id.* He explains that he was "subjected to [Lifespan's] schedules, responsibilities, and obligations" and that he operated "under the guidance and supervision of Lifespan's staff" but has not alleged how, specifically, Lifespan exercised control over his working conditions. ECF No. 7 at 2. He has not alleged the existence of a continuing relationship, or any facts related to hours, duration, payment, or benefits. ECF No. 10-1 at 1. To establish an employment relationship, he points to his obligations as a student under the Warren Alpert Medical School Handbook (ECF No. 7 at 2) and seeks a remedy for the interruption of his educational progression, further suggesting that he a student, not an employee. ECF No. 10-1 at 1. Because Mr. Sanchez has not alleged that he was employed by Lifespan, he was not protected under Title VII, and therefore has no cause of action against it

### B. Title VI Claim

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI does not cover discrimination based

---

taxation, and provision of benefits, which are evaluated based on a totality of the circumstances. *Id.*

on religion. Because Mr. Sanchez's claim is based on his religion, he fails to state a claim under Title VI.

### C. First Amendment Claim

"The First Amendment prohibits *government* from 'abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.'" *Am. for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2382 (2021) (emphasis added). Here Mr. Sanchez does not allege any governmental action that inhibited his rights under the First Amendment. Under the public-function test, however, a private actor may be subject to constitutional constraints if it exercises powers "traditionally *exclusively* reserved to the State." *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 258 (1st Cir. 1994) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)) (intermediate citation omitted). Offering clinical rotations is not exclusively a state function, and under established precedent, receipt of federal funds does not transform a hospital into a state actor.[2] *Rockwell*,

---

[2] This principal was upheld in another district as recently as last month in the context of COVID-19 vaccination exemptions. *McEntee v. Beth Israel Lahey Health, Inc.*, No. 22-cv-11952-DLC, 2023 WL 4907617, at *4 (D. Mass. Aug. 1, 2023).

4

26 F.3d at 258 (citation omitted). Thus, Mr. Sanchez has no cause of action against Lifespan under the First Amendment.

The Court GRANTS Defendant Lifespan Corporation's Motion to Dismiss. ECF No. 6.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
Chief Judge
United States District Court

October 4, 2023