UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JARED PIERCE SANCHEZ,<br>    Plaintiff,<br><br>v.<br><br>BROWN UNIVERSITY; CARE NEW<br>ENGLAND HEALTH SYSTEMS; and<br>LIFESPAN CORPORATION,<br>    Defendants. | C.A. No. 1:23-cv-343-JJM-PAS |

## ORDER

Jared Pierce Sanchez is a medical student at Brown University ("Brown"). He alleges that Brown, Lifespan Corporation ("Lifespan"), and Care New England Health Systems ("Care New England") discriminated against him based on his religion. Mr. Sanchez alleges he was forced to take a 2-year leave of absence from school because he refused to be vaccinated against COVID-19. ECF No. 1. Brown gave him an exemption based on his religious beliefs, but Lifespan's and Care New England's COVID-19 vaccination policies at that time required anyone with access to the hospitals to be vaccinated and it did not recognize any exemptions. *Id.* Mr. Sanchez sues Brown, Lifespan, and Care New England, claiming a violation of his rights under Titles VI and VII of the Civil Rights Act of 1964 ("Title VI," and "Title VII"), and the First Amendment to the United States Constitution. *Id.*

Before the Court are eight motions. (1) Motion to Vacate the Order (ECF No. 16) Dismissing Lifespan (ECF No. 17); (2) Two Motions to Amend/Correct the Complaint (ECF Nos. 20, 27); (3) Motion to Dismiss by Care New England (ECF

No. 21); (4) Motion to Dismiss by Brown University (ECF No. 23); (5) Motion to Appoint Counsel (ECF No. 29); (6) Motion for a Preliminary Injunction (ECF No. 36); (7) Motion to Consolidate the Two Motions to Amend (20, 27) (ECF No. 38); and (8) Motion to Expedite the Preliminary Injunction Hearing (ECF No. 41).

## I.    MOTION TO VACATE–ECF No. 16

Mr. Sanchez asks this Court under Fed. R. Civ. P. 60(b) to vacate its Order (ECF No. 16) dismissing Lifespan as a defendant. The Court ruled that the Title VII claim failed because Lifespan was not Mr. Sanchez's employer; the Title VI claim failed because religious discrimination is not covered under Title VI; and the First Amendment claim failed because Lifespan is not a government entity subject to the First Amendment. Mr. Sanchez has presented no grounds for relief under Rule 60(b). Mr. Sanchez offers no new evidence, no change in the law, or any other legal reason to cause the Court to alter its finding and ruling. Therefore, the Court DENIES the Motion to Vacate. ECF No. 16.

## II.    MOTION TO DISMISS BY CARE NEW ENGLAND–ECF No. 21

Care New England Health moves to dismiss the Complaint for the same reason as co-Defendant Lifespan. Because the relevant material facts are the same, the Court GRANTS Care New England's Motion to Dismiss for the same reasons stated in its Order (ECF No. 16) granting Lifespan's Motion to Dismiss. ECF No. 21.

## III.    MOTION TO DISMISS BY BROWN UNIVERSITY–ECF No. 23

Mr. Sanchez's claims against Brown University fail for the same reasons that they do against Lifespan and Care New England—Brown does not employ Mr.

2

Sanchez and therefore Title VII does not cover his relationship with Brown. He alleges in his Complaint that he is a medical student at Brown. Because Title VII only applies to employers, his claims against Brown fail. The Court GRANTS Brown's Motion to Dismiss. ECF No. 23.[1]

## IV.    MOTIONS TO AMEND–ECF Nos. 20, 27

Mr. Sanchez has filed two Motions to Amend his Complaint. ECF Nos. 20, 27.[2] All Defendants object.   ECF No. 24, 28, 37, and 39.  As Mr. Sanchez correctly points out, Fed. R. Civ. P. 15 requires Courts to "freely give leave when justice so requires." That said, allowing an amendment is not warranted if plaintiff proposes a futile amendment. *See ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 56 (1st Cir. 2008). In assessing futility, the Court "applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).  That is, an amendment is futile if it fails to state a claim upon which relief could be granted.

Mr. Sanchez's attempt to amend his Complaint[3] would be futile because his Amended Complaint contains the same legal problems as his original Complaint. Mr.

---

[1] Because the Court dismisses the Complaint against all three Defendants, the Court DENIES as moot Mr. Sanchez' Emergency Motion for Injunctive Relief (ECF No. 36), and Motion to Expedite the Hearing (ECF No. 41).

[2] He also moved to consolidate the two Motions to Amend "Into One Complete Amended Complaint." ECF No. 38. The Court GRANTS this motion.

[3] The Defendants also raise a number of procedural reasons for denying the motion: (1) LR Cv 15 (failure to provide a proposed amended complaint); (2) Fed., R. Civ. P. 8(a) (requiring a "a short and plain statement of the grounds for the court's jurisdiction; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought"); and (3) Fed. R. Civ. P. 10(b) (requiring numbered paragraphs in a complaint).  While the Defendants are correct

Sanchez does not allege that he was an employee under Title VII of any of the Defendants, his alleged religious discrimination is not covered under Title VI, and no defendant is a governmental entity subject to the First Amendment. Mr. Sanchez adds Title II to his list of federal statutes under which he sues. But as Brown correctly points out in its opposition (ECF No. 28), Mr. Sanchez has not alleged that he has given proper notice as required by Title II, and that Title II does not allow a claim for damages. Finally, fatal to his Title II claim against Brown is that Mr. Sanchez admits that Brown gave him a religious exemption from the COVID-19 vaccination requirement.

Mr. Sanchez's Amended Complaint attempts to buttress his argument that that Brown, Lifespan, and Care New England are so intertwined that they should be considered collectively. The problem with this argument that Mr. Sanchez is not employed by any of the Defendants individually or collectively. The extensive evidence Mr. Sanchez introduces on this topic is not relevant to the legal failings in his Amended Complaint.

The Court therefore DENIES Mr. Sanchez combined Motions for Leave to File an Amended Complaint. ECF Nos. 20, 27.

## V.  CONCLUSION

Even though Mr. Sanchez appears to sincerely feel his rights have been violated, the law under which he seeks redress only applies to employers and Mr.

---

in pointing out the deficiencies in Mr. Sanchez's Amended Complaint, the Court need not reach those issues considering its deny of the motion based on futility.

Sanchez has not plausibly alleged that he was an employee of any of the three Defendants. Therefore, his Complaint and attempt to amend the Complaint legally fail. The Court Dismisses the Complaint and enters final judgment for all Defendants on all counts.

In summary, the Court rules as follows:

1) ECF No. 17: Motion to Vacate – DENIED;

2) ECF Nos. 20, 27: Motions to Amend – DENIED

3) ECF No. 21: Motion to Dismiss by Care New England – GRANTED

4) ECF No. 23: Motion to Dismiss by Brown University - GRANTED

5) ECF No. 29: Motion to Appoint Counsel – DENIED as moot;

6) ECF No. 36: Motion for a Preliminary Injunction – DENIED as moot;

7) ECF No. 38: Motion to Consolidate Two Motions to Amend - GRANTED;

8) ECF No. 41: Motion to Expedite– DENIED as moot.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

November 21, 2023