UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JARED PIERCE SANCHEZ,
    Plaintiff,

v.

BROWN UNIVERSITY; CARE NEW
ENGLAND HEALTH SYSTEM; and
LIFESPAN CORPORATION,
    Defendants.

C.A. No. 23-343-JJM-PAS

## ORDER

The Court entered judgment, dismissing Plaintiff Jared Pierce Sanchez's Complaint against Defendants Brown University, Care New England Health System, and Lifespan Corporation, after deciding several dispositive motions and denying Mr. Sanchez's motion to amend his Complaint. ECF No. 46. He appealed the Court's Orders to the First Circuit Court of Appeals.[1] While that appeal was pending, he filed four motions before this Court: Motion to Vacate (ECF No. 47); Motion for Recusal (ECF No. 48); Motion to Amend/Correct Defendant Name to *Care New England Health System* (ECF No. 52); and Motion for Leave to File Document Sur-Reply (ECF No. 55).

---

[1] Because Mr. Sanchez had an appeal pending in the First Circuit, this Court would normally not have jurisdiction to decide these motions. Anticipating this issue, the First Circuit entered an Order finding that "[p]ursuant to Fed. R. App. P. 4(a)(4)(B)(i), the notice of appeal does not become effective until the district court disposes of the post judgment motion [Motion to Vacate, ECF No. 47]." ECF No. 51.

The Court can easily dispatch the latter two motions. The Court GRANTS Mr. Sanchez's Motion to Correct the name of the Defendant from "Care New England Health Systems" to "Care New England Health System." ECF No. 52. The Court GRANTS the Motion to File the Sur-Reply, which is actually a Reply to the Opposition. ECF No. 55. The Court has considered the Reply in deciding the Motions to Vacate and Recuse. Now, the Court moves on to the meatier motions.

### 1. MOTION TO VACATE

Mr. Sanchez asks this Court to vacate: (1) its two Orders dismissing his claims against Defendants Lifespan, Brown University, and Care New England; and (2) its Order denying his Motion to Amend the Complaint. ECF Nos. 16, 45. After reviewing the briefing and record in this case, the Court finds that Mr. Sanchez has raised no grounds for the Court to vacate these Orders.

First, as to the dismissal of Mr. Sanchez's claims against the three Defendants, the Court correctly held that his Complaint did not state a claim upon which relief could be granted, and nothing he has put forth in his Motion to Vacate changes that opinion. Simply put, Mr. Sanchez has pleaded causes of action that do not apply to his situation. Because he is a student at Brown University and not in any of the Defendants' employ, Title VII does not supply any protection or relief for him. Second, he alleges religious discrimination under Title VI, but Title VI does not cover discrimination based on religion. Finally, he asserts a First Amendment claim, but the First Amendment is limited to government action, and no matter how he

advocates that Defendants are "government-like," no defendant is a government actor subject to the First Amendment.

Second, as to his Motion to Amend his Complaint, the Court correctly ruled that the amendment would be futile because all the legal deficiencies in his original Complaint continued in his proposed Amended Complaint. Mr. Sanchez argues that his proposed amendment focused on the "complex interrelations between Brown University, Care New England Health System, and Lifespan Corporation" but that is irrelevant and does not alleviate the deficiencies in the original Complaint–the Defendants are not his employer and are not government actors as federal law contemplates.

Because the Court finds that its initial decisions to dismiss Mr. Sanchez's case as pleaded, and to deny his Motion to Amend the Complaint because the amendment did not cure any of those fatal flaws, were correct, the Court DENIES Mr. Sanchez's Motion to Vacate. ECF No. 47.

## 2. MOTION FOR RECUSAL

Because the Court ruled against him, Mr. Sanchez now asks the Court to recuse itself from further consideration of his case. ECF No. 48. He argues that the district judge made "judicial missteps," had conflicts of interest and judicial precedent, took "rapid judicial action," and unfairly denied his right to amend his Complaint. The Court will respond briefly to each allegation but finds that Mr. Sanchez has leveled no valid reason for the Court to recuse itself, and the Court independently decides that no basis exists for recusal.

- Mr. Sanchez complains that the Court dismissed Lifespan before they were "properly served."[2] Lifespan filed a Motion to Dismiss (ECF No. 6) on September 7, 2023. Mr. Sanchez opposed the motion the next day (never raising the issue that Lifespan had alleged not been "properly served"), and Lifespan filed its Reply on September 14, 2023. The Court granted Mr. Sanchez's Motion to file a Sur-Reply. The Court entered its Order dismissing Lifespan for failure to state a claim on October 4, 2023, after the motion had been fully briefed and the Court reviewed all the filings. ECF No. 16. It is unclear from Mr. Sanchez's papers why this fact pattern would require the district judge to recuse, or why this timeline "raises questions about the fairness and impartiality of the judicial process" under the Court's oversight. ECF No. 48 at 4.

- Mr. Sanchez next alleges a "multi-faceted potential conflict of interest," primarily because (1) the district judge has served on the Board of Directors of Crossroads RI[3], the largest provider of services to those experiencing homelessness in Rhode Island, and (2) he graduated from Brown University 43 years ago. *Id.*

---

[2] This case was originally assigned to another judge in this Court. He entered an Order of Recusal (ECF No. 11) on September 20, 2023, (when most of the briefing on the motion was completed) at which time the current district judge was randomly assigned the case.

[3] Mr. Sanchez incorrectly states that the district judge's involvement in Crossroads was "undisclosed." ECF No. 48 at 5. Every year since the district judge has been on the bench, he has filed his Financial Disclosure Report listing his membership on the Board and his role at Crossroads.

- o  Mr. Sanchez claims there is a "substantial overlap with influential members [of the Crossroads Board] directly involved in this case."[4] *Id.* Crossroads is a 501 (c)(3) independent nonprofit, unaffiliated with any of the Defendants in this case. Mr. Sanchez cites to the fact that certain individuals also serve on the Board: Nicole E. Alexander-Scott, Clinical Professor at Brown University; Dr. Margaret M. Van Bree, former president of Rhode Island Hospital and Hasbro Children's Hospital; and M. Teresa Paiva-Weed, Esq, president of the Hospital Association of Rhode Island. *Id.* at 5. First, each of these people serves on the Board of Crossroads in their individual, not in their professional capacities. There is no affiliation between Crossroads and any of these entities. Second, nothing about this matter, or any matter involving any of the Defendants, has ever come before the Board of Directors of Crossroads. Third, Dr. Alexander-Scott left the Department of Health in January 2022, Dr. Van Bree left R.I. Hospital years before the allegations in the Complaint, and Ms. Paiva-Weed, is the executive director of a trade association. Nothing about the district court judge's membership on the Board of Directors of Crossroads with these individuals creates any conflict of interest and is not a cause for recusal.

- o  The district judge graduated from Brown University over 43 years ago. (Class of 1980). He has had no official contact or involvement with Brown since that time. The district judge has presided over twenty-five cases with Brown as a party, and never has anyone alleged a conflict exists because the district judge is an alum.

---

[4] This statement in not true. Neither Crossroads nor anyone on the Board is directly involved in this case.

5

There is nothing about the simple fact that the district judge graduated from a university that creates a conflict requiring recusal.

- Mr. Sanchez also seeks recusal based on an allegation of "judicial precedent" in which he states: "Judge McConnell's judicial record, as observed in Rhode Island's FY 2022 Budget Enacted Section VI Special Reports (Pp. 813), shows a pattern of decisive action in cases involving complex institutional interrelations." *Id.* It is unclear what "decisive action" Mr. Sanchez objects to, but the Court's decisions in that unrelated case speak for themselves and do not provide a justification for demanding recusal.

- Mr. Sanchez alleges that the Court should recuse because the Defendants engaged in inappropriate communication with the Judge's Case Manager. First, he alleges that communication between defense counsel and the judge's case manager were *ex parte*. *Id.* at 7. Again, this is not true; Mr. Sanchez was copied on all administrative emails from and to the Judge's Case Manager. Second, the communication only involved administrative matters.

- Finally, Mr. Sanchez alleges that "swift judicial action on two occasions" is somehow evidence of the judge's bias. He does not point out that the Court issued its Order after reviewing all the fully briefed issues. An efficiently issued and prompt order is not evidence of bias.

The Court has considered all of Mr. Sanchez's reasoning in favor of recusal and finds that recusal is not warranted. The Court DENIES Mr. Sanchez's Motion to Recuse. ECF No. 48.

6

## Conclusion

The Court DENIES Mr. Sanchez's Motion to Vacate. ECF No. 47. The Court DENIES Mr. Sanchez's Motion to Recuse. ECF No. 48. The Court GRANTS Mr. Sanchez's Motion to Correct. ECF No. 52. The Court GRANTS the Motion to File the Sur-Reply. ECF No. 55.

IT IS SO ORDERED,

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

January 9, 2024