# United States Court of Appeals
## For the First Circuit

_____

No. 23-1983

JARED PIERCE SANCHEZ,

Plaintiff - Appellant,

v.

BROWN UNIVERSITY; CARE NEW ENGLAND HEALTH SYSTEMS; LIFESPAN CORPORATION,

Defendants - Appellees.

_____

Before

Kayatta, Gelpí and Rikelman,
Circuit Judges.

_____

**JUDGMENT**

Entered: June 11, 2024

     Appellant Jared Pierce Sanchez appeals from a judgment entered in the District Court for the District of Rhode Island. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court dismissed the appellant's complaint featuring discrimination and other types of claims and denied various motions, including motions to amend and for reconsideration. The appellant also has filed motions in this court, including a "Motion For Sanctions . . ." and a "Motion to Expedite Injunction Pending Appeal and for Oral Arguments to be Heard."

     We have carefully reviewed the appellant's arguments and have read them liberally because he is pro se. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We have deemed challenges waived as appropriate where the appellant has raised no developed argument in briefing. See United States v. Nishnianidze, 342 F.3d 6, 18 (1st Cir. 2003) (pro se appellants may waive challenges through a failure to develop them on appeal).

     After a careful review of the arguments the appellant has raised and developed in his opening brief, we can see no compelling challenge to the rulings of the district court and thus affirm those rulings, for substantially the reasons offered by the district court. See Newman v. Lehman Bros. Holdings Inc., 901 F.3d 19, 24 (1st Cir. 2018) ("This court reviews the grant of Rule

12(b)(6) motions de novo."); see also Efron v. UBS Fin. Servs. Inc. of Puerto Rico, 96 F.4th 430, 437 (1st Cir. 2024) (reviewing denial of leave to amend for abuse of discretion); U-Nest Holdings, Inc. v. Ascensus Coll. Sav. Recordkeeping Servs., LLC, 82 F.4th 61, 63 (1st Cir. 2023) ("Our review for denial of a Rule 60 motion . . . is for abuse of discretion.").

The district court clearly articulated one or more reasons for dismissing each of the claims the appellant offered, and, to the extent the appellant has addressed those reasons at all in briefing, he has failed to demonstrate any error. To take just one example, the district court concluded that, for purposes of his Title VII claims, the appellant had failed to allege the existence of a qualifying employment relationship between himself and the defendants, and, in briefing before this court, the appellant offers no availing challenge to that conclusion. See Walters v. Metro. Educ. Enterprises, Inc., 519 U.S. 202, 207 (1997) ("In common parlance, an employer 'has' an employee if he maintains an employment relationship with that individual."); Lopez v. Massachusetts, 588 F.3d 69, 72 (1st Cir. 2009) (evaluating whether defendants were "employers" under Title VII to determine whether a Title VII claim could be brought against them and observing: "The Title VII claim depends on the state being the 'employer' of the officers.").

Any pending requests in the motions filed in this court are resolved as follows. To the extent that the appellant seeks sanctions or related relief, and to the extent those requests are not moot, the requests are denied. To the extent that the appellant seeks relief other than sanctions, including injunctive relief, those requests are denied as moot based on our conclusion that the appeal lacks merit.

The judgment of the district court is **AFFIRMED**. See Local Rule 27.0(c).

By the Court:

Maria R. Hamilton, Clerk

cc:
Jared Pierce Sanchez
Mitchell R. Edwards
John M. Wilusz
Joseph D. Whelan
Matthew Hayes Parker
James A. Musgrave